UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY TAYLOR,

       Petitioner,                      CASE NO. 2:10-cv-13545

v.                                    HONORABLE GERALD E. ROSEN

MITCH PERRY,

       Respondent.
_____/

**OPINION AND ORDER
DENYING RESPONDENT'S MOTION TO DISMISS ON EXHAUSTION GROUNDS,
DENYING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS, AND
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

This is a habeas case filed under 28 U.S.C. § 2242. Pending before the Court are Petitioner Johnny Taylor's *pro se* habeas petition and Respondent Mitch Perry's motion to dismiss the petition for failure to exhaust state-court remedies. For the reasons stated below, the Court finds that Petitioner's claims are exhausted and denies Respondent's motion to dismiss. Because the claims are exhausted, the Court addresses the substantive merits of Petitioner's claims and finds that none of the claims warrants habeas relief. The Court therefore denies the habeas petition. The Court also declines to issue Petitioner a certificate of appealability.

I.

Petitioner is a state inmate currently incarcerated by the Michigan Department of Corrections at the Newberry Correctional Facility in Newberry, Michigan. In his *pro se* habeas petition, Petitioner challenges his guilty-plea convictions in two separate cases, which occurred in Jackson County Circuit Court. In case number 08-04715-FH, Petitioner pleaded guilty to stealing a financial transaction device and, in case number 08-04717-FH, he pleaded guilty to

both larceny in a building and stealing a financial transaction device. In both cases, the prosecutor agreed that Petitioner would be sentenced as a third felony offender rather than as a fourth felony offender.

Petitioner's troubles in this case stem from incidents that occurred on June 19, 2008, and on July 2, 2008. The first incident arose because of a robbery at Dr. Allan Tompkins's office in Jackson, Michigan. While Dr. Tompkins was seeing patients, someone came into his office and took his computer and his associate's computer. His car keys and car also were stolen. There was another computer in the car, along with his credit cards, which included a Visa card, an American Express card, and a Sam Club's credit card. Dr. Tompkins also had $1500.00 in the car. The Sam's Club credit card was charged with $2000.00 of gasoline within five days of it being stolen.

The second incident occurred at Parnell Middle School. When the teacher, Jeanette Cole, and her students walked from the classroom to the library, Ms. Cole's purse was on the desk. When she returned, she discovered that her credit cards, her digital camera, and twenty dollars in cash were stolen. Her credit card was used at WalMart's for $958.00. Several WalMart employees identified Petitioner as the perpetrator.

Petitioner had an outstanding warrant for his arrest regarding a robbery charge and a suspicion of criminal sexual conduct. Detective Sergio M. Garcia, who was familiar with Petitioner because of his extensive history with law enforcement, saw him walking down the street and arrested him. Petitioner then was searched. The search incident to the arrest revealed Dr. Tompkins's Sam's Club credit card.

Petitioner pleaded guilty to both offenses on January 13, 2009. At the plea hearing, he acknowledged that his plea was voluntary, that no promises, threats, or inducements were made to him, and that he understood that there was no agreement with respect to the terms of his sentence. When the judge asked him if he understood that he could be sentenced to an eight-year maximum sentence, Petitioner said he understood.

At the sentencing hearing on March 5, 2009, Petitioner told the judge that he did not commit the crimes but that another person by the name of "Tone" committed the crimes. When the judge asked Petitioner to tell him "Tone's" full name, Petitioner refused, stating that he did not know his full name. The judge then continued with sentencing Petitioner, noting that the statutory maximum for using a financial transaction device as a habitual offender was eight years, and the statutory maximum for larceny in a building as a habitual offender also was eight years. The sentencing guidelines showed thirty-four to ninety-six months for count one and twenty-four to ninety-six months for count two, respectively.

In reviewing the Presentence Report, the judge noted that Petitioner's criminal history included fifty-two entries, which dated back to 1983. He was sentenced to prison five times, paroled two times, had his parole revoked once with numerous violations, including absconding two times. Since fourteen-years of age, Petitioner's only crime-free periods were when he was jailed or in prison. And, while imprisoned, Petitioner had major misconduct violations, including threatening behavior, fighting, sexual misconduct, and alcohol and marijuana use. The judge then sentenced Petitioner to concurrent prison terms of five to eight years.

Following his sentencing, on May 27, 2009, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, raising the following claims:

> I. Defendant must be resentenced because [Offense Variable (OV) 9] was misscored.
>
> II. Defendant must be resentenced because the trial court's reason for the departure and the extent of the departure are not substantial and compelling.

The Court of Appeals denied the delayed application on June 26, 2009. *People v. Taylor*, No. 292268 (Mich.Ct.App. June 26, 2009). On August 11, 2009, Petitioner's motion for reconsideration also was denied. *People v. Taylor*, No. 292268 (Mich.Ct.App. Aug. 11, 2009).

Petitioner then filed an application for leave to appeal the Court of Appeals's decision with the Michigan Supreme Court, raising essentially the same claims:

> I. The panel and decision in defendant's case conflicts with the panels of *People v. Francisco*, 474 Mich. 82 (2006); *People v. Fields*, 448 Mich. 58 (1995), *People v. Kegler*, 268 Mich.App. 187 (2005), insofar as defendant must be resentenced because OV 9 was misscored, thus, this Supreme Court should resolve the conflict.
>
> II. The panel and decision in defendant's case conflicts with the panels in *People v. Endres*, 269 Mich.App. 414 (2006), *People v. Kegler*, 268 Mich.App. 187 (2005), *People v. Harris*, 190 Mich. 652 (1991), *People v. Smith*, 482 Mich. 292 (2008), *People v. Fields*, 445 Mich. 58 (1995), and *People v. Babcock*, 469 Mich. 247 (2003), insofar as defendant must be resentenced because the trial court's reasons for the departure and the extent of the departure are not substantial and compelling, thus, this [Supreme Court] should resolve the conflict.

The Michigan Supreme Court denied the application on November 23, 2009. *People v. Taylor*, 485 Mich. 978, 774 N.W.2d 875 (2009).

In the pending habeas petition, Petitioner raises the following two claims: (1) whether he should be resentenced because the trial court's reasons for departing from the guidelines range were not substantial and compelling and where the trial court used inaccurate and false information to exceed the guidelines, and (2) whether he should be resentenced because OV 9 and 16 were misscored and the trial court used false information.

4

II.

Respondent argues that Petitioner's habeas petition should be dismissed because he failed to exhaust his state-court remedies. Respondent contends that Petitioner's claims that the sentencing court sentenced him on inaccurate information were never presented to the state appellate courts. In his reply to Respondent's motion, Petitioner alleges that he has not raised any new issues because the substance of the issues are the same and he has not altered the legal claims already considered by the state courts.

When a petitioner raises different factual issues under the same legal theory, he is required to present each factual claim to the highest state court in order to exhaust his state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). A petitioner has not exhausted his state remedies if he has merely presented a particular legal theory to the courts without presenting each factual claim. *Pillette v. Foltz*, 824 F.2d 494, 497-98 (6th Cir. 1987). Moreover, each factual claim must be presented to the state courts as a matter of specific federal law. *Gray v. Netherland*, 518 U.S. 152, 163 (1996) ("[I]t is not enough to make a general appeal to a constitutional guarantee as broad as due process to present the 'substance' of such a claim to a state court"); *see also Duncan v. Henry*, 513 U.S. 364, 366 (1995) ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court"); *Anderson v. Harless*, 459 U.S. 4, 6 (1982) ("It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made") (citations omitted).

Conversely, if a petitioner presented the substance of his habeas claim to the state courts, an elaboration of the facts or legal theories will not result in a new claim. The standard for determining whether the petitioner has exhausted the factual basis of his claim is whether the additional facts "fundamentally alter the legal claim already considered by the state courts." *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986). The supplementation and clarification of the state court factual record does not necessarily change a claim so dramatically as to require that the state courts be given a new opportunity to hear the issues. *Id.* at 258-60. The failure to make every factual argument to support [a] claim does not constitute a failure to exhaust. *Picard v. Connor*, 404 U.S. 270, 277-78 (1971) (discussing how a claim may be fairly presented to the state court without citing chapter and verse of the Constitution).

In light of the limited constitutional issues presented by Petitioner's sentencing-related claims, the Court concludes that Petitioner's arguments to the state courts in support of his sentencing claims were sufficient to exhaust the constitutional claims presented in his habeas petition. In his state appellate briefs, Petitioner cited *Townsend v. Burke*, 334 U.S. 736 (1948), to support his claim that the trial court used inaccurate information in sentencing him and stated that the "court sentence was based on incorrect information." Petitioner's App. Brief, 14, 18. The Court finds that his federal habeas claims therefore do not fundamentally alter the legal claims already considered by the state courts. *See Vasquez*, 474 U.S. at 260.

Moreover, the failure to exhaust is not a jurisdictional bar to consideration of a habeas petition on the merits. *Granberry v. Greer*, 481 U.S. 129, 131-36 (1987) (doctrine of exhaustion not a jurisdictional limitation of the power of the court); *see also Pudelski v. Wilson*, 576 F.3d 595, 606 (6th Cir. 2009) (exhaustion is not a jurisdictional limitation) (citation omitted). A

habeas petitioner's failure to exhaust his state court remedies is not a bar to federal habeas review of the claim "when the claim is plainly meritless and it would be a waste of time and judicial resources to require additional court proceedings." *Friday v. Pitcher*, 200 F.Supp.2d 725, 744 (E.D. Mich. 2002); 28 U.S.C. § 2254(b)(1)(A)(c).

With that, even if the Court were to find that Petitioner failed to exhaust, which it does not, the Court finds that the interests of justice are best served by ruling on the petition. Therefore, the Court denies Respondent's motion to dismiss and addresses Petitioner's habeas claims.

III.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). 28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially

indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal-habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410-11.

In *Harrington v. Richter*, --- U.S. ---, 131 S.Ct. 770 (2011), the Untied States Supreme Court stated: "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, --- U.S. at ---, 131 S.Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). The *Harrington* Court further stated:

> Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Harrington*, at 786-87 (internal citation omitted).

A federal habeas court must presume the correctness of state court factual determinations. See 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

IV.

Petitioner argues several errors in sentencing. First, he claims that the trial court used inaccurate and false information to exceed the guidelines and its reasons for doing so were not substantial and compelling. He also claims that the trial court used false information to score OV 9 and 16.

To the extent that Petitioner argues that the sentencing court scored several offense variables incorrectly, his claim is noncognizable because it is a state-law claim. "[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (citing *Estelle v. McGuire*, 502 U.S. 67-68 (1991) and *Mullaney v. Wilbur* 421 U.S. 684, 691 (1975)). "[S]tate courts are the ultimate expositors of state law." *Mullaney*, 421 U.S. at 691. "[A] claim that the trial court mis-scored offense variables in determining the state sentencing guidelines is not cognizable on habeas corpus review." *See Adams v. Burt*, 471 F.Supp.2d 835, 844 (E.D. Mich. 2007) (citing *Cook v. Stegall*, 56 F.Supp.2d 788, 797 (E.D. Mich. 1999); *see also Thomas v. Foltz*, 654 F.Supp. 105, 106-07 (E.D. Mich. 1987) (same). Therefore, Petitioner's claim that certain offense variables were incorrectly scored is not cognizable on habeas corpus review.

Next, Petitioner claims that his sentence was based upon inaccurate information because, in calculating the guidelines, the trial court assessed the value of the items stolen over $1000 and assumed there were two victims. "A sentence violates due process if it was carelessly or deliberately pronounced on an extensive and materially false foundation which the prisoner had no opportunity to correct." *Draughn v. Jabe*, 803 F.Supp. 70, 80 (E.D. Mich. 1992), *aff'd*, 989

F.2d 499 (6th Cir. 1993) (citing *Townsend*, 334 U.S. at 741).  A sentence must be set aside where "the defendant can demonstrate that false information formed part of the basis for the sentence. The defendant must show, first, that the information before the sentencing court was false, and, second, that the court relied on the false information in passing sentence." *United States v. Stevens*, 851 F.2d 140, 143 (6th Cir. 1988) (citations omitted).

Here, Petitioner has made no such showing.  Rather, Petitioner had an opportunity to contest the accuracy of the reports, the scoring of the guidelines, and other sentencing issues; he did so at his sentencing hearing and he filed appeals with both state appellate courts, which were denied.  Moreover, the record shows that Petitioner and his accomplice took from two victims $1500, a car, three computers, glasses, credit cards (one of which showed charges of $2000 in gas), twenty dollars in cash, and a digital camera.  While Petitioner disagrees with the state court's calculation of the value of those items, he has not shown that the calculation was incorrect.  Nor has he shown that the number of victims was incorrect.

The Court finds that Petitioner has not shown that the trial court relied upon materially false or inaccurate information, which he had no opportunity to correct, in imposing his sentence.  Petitioner's sentence was, for habeas review, within the statutory maximum.  Habeas relief is therefore not warranted on this claim.

Petitioner also argues that the trial court departed from the sentencing guidelines without substantial and compelling reasons for doing so.  Whether a sentencing court had substantial and compelling reasons for departing from the sentencing guidelines is a matter of state law. *Howard v. White*, 76 F.App'x 52, 53 (6th Cir. 2003) (holding that a state court's application of sentencing guidelines is a matter of state concern only); *see also McPhail v. Renico*, 412

F.Supp.2d 647, 656

(E.D. Mich. 2006) (same); *Robinson v. Stegall*, 157 F.Supp.2d 802, 823 (E.D. Mich. 2001) (same); *Welch v. Burke*, 49 F.Supp.2d 992, 1009 (E.D. Mich. 1999) (same).

In Michigan, a trial court may depart from the sentencing guidelines if the court has "a substantial and compelling reason" for doing so and states the reasons for departure on the record. Mich. Comp. Laws § 769.34(3). As the Michigan Supreme Court has interpreted this requirement:

> [T]he reasons relied on must be objective and verifiable. They must be of considerable worth in determining the length of the sentence and should keenly or irresistibly grab the court's attention. Substantial and compelling reasons for departure exist only in exceptional cases. "In determining whether a sufficient basis exists to justify a departure, the principle of proportionality . . . defines the standard against which the allegedly substantial and compelling reasons in support of departure are to be assessed." For a departure to be justified, the minimum sentence imposed must be proportionate to the defendant's conduct and prior criminal history.

*People v. Smith*, 482 Mich. 292, 299-300, 754 N.W.2d 284, 290 (2008) (footnotes omitted).

The alleged violation of those principles and of Michigan Compiled Laws § 769.34(3) is not a basis for relief. *Estelle*, 502 U.S. at 68 (citing 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21 (1975)). Thus, Petitioner's claim is not cognizable on habeas corpus review.

Furthermore, as stated, Petitioner offers neither evidence nor argument about how information that he claims was improperly used by the judge was false. Conclusory allegations by a habeas petitioner, without any evidentiary support, do not provide a basis for habeas relief. *See*, e.g., *Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring an evidentiary

hearing in a habeas proceeding). Petitioner's unsupported claim that the trial court used incorrect information to fashion his sentence is an insufficient basis for habeas relief.

Additionally, to the extent Petitioner argues an Eighth Amendment violation, he is not entitled to habeas relief. "The Eighth Amendment contains no proportionality guarantee." *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991). "Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Id.* at 1001 (Kennedy, J., concurring) (quoting *Solem v. Helm*, 463 U.S. 277, 288, 303 (1983)). "The gross disproportionality principle reserves a constitutional violation for only the extraordinary case." *Lockyer v. Andrade*, 538 U.S. 63, 77 (2003).

Here, the trial court offered the following reasons for departing upward from the sentencing guidelines. According to the Presentence Report, Petitioner's criminal history dated back to 1983. He committed many property crimes since he was fourteen-years old. His only crime-free periods were when he was jailed or in prison. And, while in the prison system, he committed major misconducts, including threatening behavior, fighting, sexual misconduct, and alcohol and marijuana use. Thus, the trial court determined that a departure from the guidelines was proportionate.

With that, the Court concludes that, to the extent that Petitioner has asserted a constitutional claim, his claim lacks merit because his sentence was not grossly disproportionate to the crime or to the offender. Therefore, he is not entitled to relief on the basis of his sentencing claims.

V.

A petitioner must receive a certificate of appealability ("COA") in order to appeal the

denial of a habeas petition for relief from either a state or federal conviction. 28 U.S.C. §§ 2253(c)(1)(A), (B). A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.

The Court concludes that jurists of reason would not find the Court's assessment of Petitioner's claims debatable or wrong. The Court thus declines to issue Petitioner a certificate of appealability.

For the reasons stated, IT IS ORDERED that Respondent's "Motion to Dismiss" [Dkt. # 7] is DENIED.

IT IS FURTHER ORDERED that the "Petition for Writ of Habeas Corpus" [Dkt. # 1] is DENIED.

IT IS FURTHER ORDERED that the Court DECLINES to issue Petitioner a certificate of appealability.


Dated: January 26, 2012          s/Gerald E. Rosen
                                 Chief Judge, United States District Court

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 26, 2012, by electronic mail and upon Johnny Taylor, #195621, Newberry Correctional Facility, 3001 Newberry Avenue, Newberry, MI 49868 by ordinary mail.

                          s/Ruth A. Gunther
                          Case Manager